## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **MARWAN EL-KAISSI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. L – 03 – 132** |
| | § | |
| **MARTINAIRE, INC., and UNITED** | § | |
| **PARCEL SERVICE, INC.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## <u>MEMORANDUM AND OPINION</u>

Pending before the Court are Plaintiff's Objection to the Magistrate Judge's Report and Recommendation, [Doc. No. 78] and Plaintiff's Objection to the Magistrate Judge's Order of June 24, 2005.  The Report and Recommendation (R&R) was filed by Magistrate Judge Adriana Arce-Flores on June 24, 2005. [Doc. No. 77].  In the R&R, Judge Arce-Flores recommended that Defendant Martinaire's Motion for Summary Judgment [Doc. No. 55] and Defendant United Parcel Service's Motion for Summary Judgment [Doc. No. 57] be granted.

Defendants made no objection to the Report and Recommendation.  "A party who fails to file written objections to a magistrate judge's proposed findings and recommendations waives the objection..." *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000).  Plaintiff timely filed his objections, which the Court reviews *de novo*.  FED. R. CIV. P. 72(b).

Relevant to our purposes here, in a separate Order of the same date as the R&R, Judge Arce-Flores granted Defendant Martinaire's Motion to Strike Plaintiff's Response (to Defendant's motion for summary judgment) [Doc. No. 62] and immediately thereafter struck

Plaintiff's response [Doc. No. 59] from the record.  In addition, Magistrate Judge Arce-Flores granted Defendants' Joint Motion to Strike Plaintiff's Response [Doc. No. 73] and denied Plaintiff's Motion for Reconsideration [Doc. No. 70].  Plaintiff's response [Doc. No. 69] was thereafter stricken from the record.  In addition, among other things, Magistrate Judge Arce-Flores struck from the record various portions of Plaintiff's summary judgment evidence.

In two separate filings, the Plaintiff offered numerous objections to both the R&R and the order of June 24, 2005.  Each objection will be addressed in turn.

### <u>Plaintiff's Response to Defendants' Motions for Summary Judgment</u>

Plaintiff objects to the Magistrate Judge's finding that Plaintiff's summary judgment response was untimely filed [*See* Obj. 4, Doc. No. 78].  Plaintiff thereafter elaborates on the nature of this general objection [*See* Obj. 19, Doc. No. 78], stating that Local Rules 7.3 and 7.4 of the Southern District of Texas are impermissibly at odds with the Federal Rules of Civil Procedure, specifically Rule 56.  Plaintiff cites *Colgrove v. Batten*, 413 U.S. 149, 161 n. 18 (1973) and *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir. 2002) for the proposition that a local rule, "when in conflict with a Federal Rule of Civil Procedure, should not be construed to deny a party his substantial rights." [Obj. 19, Doc. No. 78].  The footnote in *Colgrove* to which the plaintiff cites, however, simply states that 28 U.S.C. § 2071 authorizes federal district courts to prescribe local rules of practice and procedure that are consistent with acts of Congress "as well as the general Federal Rules." *Colgrove*, 413 U.S. at 161 n. 18. Similarly, the portion of *NEPSK* to which Plaintiff cites stands simply for the proposition that "a district court cannot enforce its local rules in a way that conflicts with the Federal Rules of Civil Procedure." *NEPSK*, 283 F.3d at 7.  Plaintiff's addition of language regarding substantial rights

is not borne out by the caselaw which he cites; however, this expansive citation is largely immaterial.

The authority of United States District Courts to adopt and promulgate local rules emanates from three sources.  First, Congress has vested the Supreme Court with the authority to prescribe rules of practice and procedure for the federal courts. 28 U.S.C. § 2072(a).  The Supreme Court has adopted, pursuant to that authority, Federal Rule of Civil Procedure 83, which allows that district courts may provide their own local rules, so long as they are consistent with the Federal Rules of Civil Procedure.  Second, Congress has vested federal district and circuit courts with the independent authority to prescribe local rules of practice consistent with Acts of Congress and the rules of practice and procedure promulgated by the Supreme Court. 28 U.S.C. § 2071(a).  And, "[f]inally, the Supreme Court has long recognized that district courts have certain inherent rule-making powers arising from the nature of the judicial process." *Whitehouse v. U.S.D. for Dist. of Rhode Island*, 53 F.3d 1349, 1355 (1st Cir. 1995)(citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)); *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *see also U.S. v. Hudson*, 11 U.S. (7 Cranch) 32, 34 (1812)("certain implied powers must necessarily result to our Courts of justice from the nature of their institution.").  Consistent with these principles, the Supreme Court has upheld the authority of district courts to promulgate local rules unless 1) the rule conflicts with an Act of Congress; 2) the rule conflicts with the Federal Rules of Civil Procedure; 3) the rule is constitutionally infirm; or, 4) the subject matter governed by the rules is not within the power of a lower federal court to regulate. *Frasier v. Heebe*, 482 U.S. 641, 654 (1987); *see also Whitehouse,* 53 F.3d at 1355.  The plaintiff has only alleged inconsistency with the Federal Rules, so the Court will confine its inquiry to that topic.

It is certainly true that local rules promulgated by the district courts must not conflict with the Federal Rules of Civil Procedure. FED. R. CIV. P. 83(a)(1).  And certainly, the Supreme Court "may exercise its inherent supervisory power to ensure that these local rules are consistent with 'the principles of right and justice.'" *Frazier*, 482 U.S. at 645.  However, the district courts retain discretion over the application of their local rules. *See McLeod, Alexander, Powel & Apffel, P.C., v. Quarles*, 894 F.2d 1482, 1488 (5th Cir. 1990)("district courts have considerable latitude in applying their own rules"); *accord Crowley v. L.L. Bean, Inc.,* 361 F.3d 22, 25 (1st Cir. 2004)(Court of Appeals reviews deferentially the district courts refusal to forgive a party's violation of a local rule); *Stanciel v. Gramley*, 267 F.3d 575, 579 (7th Cir. 2001)("a district court's 'decision whether to apply [a local] rule strictly or to overlook any transgression is one left to the district court's discretion.'"(citations omitted)); *Holtz v. Rockefeller*, 258 F.3d 62, 73 (2nd Cir. 2001)("a district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules."); *Martinez v. Union Pac. R.R. Co.,* 82 F.3d 223, 227 (8th Cir. 1996)("The district court has considerable leeway in the application of its local rules."); *Yannacopoulos v. General Dynamics Corp.,* 75 F.3d 1298, 1305 (8th Cir. 1996)("the 'application of local rules is a matter peculiarly within the district court's province.'"(citations omitted)); *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995)("District courts have discretion [] to enforce their local rules (and to excuse transgressions)"); *The Ass'n for Retarded Citizens of Connecticut v. Thorne*, 68 F.3d 547, 553-4 (2nd Cir. 1995)("district courts have inherent power to decide when a departure from its Local Rules should be excused or overlooked.  The district court's inherent discretion to depart from the letter of the Local Rules extends to every Local Rule."); *Airline Pilots Ass'n v. Precision Valley Aviation, Inc.,* 26 F.3d 220, 224 (1st Cir. 1994)("District courts enjoy broad latitude in administering local rules."(citations omitted));

*Miranda v. S. Pac. Transp. Co.,* 710 F.2d 516, 521 (9th Cir. 1983)("District Courts have broad

discretion in interpreting and applying their local rules."); *Smith v. Ford Motor Co.*, 626 F.2d

784, 796 (10th Cir. 1980)("Considerable deference is accorded to the district courts'

interpretation and application of their own rules of practice and procedure."); *c.f. U.S. Fidelity &*

*Guaranty Co. v. Lawrensen*, 334 F.2d 464 (4th Cir. 1964)(a district court is "the best judge of its

own rules.").

According to the language of Rule 56, "[t]he motion shall be served at least 10 days

before the time fixed for the hearing.  The adverse party prior to the date of hearing may serve

opposing affadavits." FED. R. CIV. P. 56(c).  Plaintiff concludes that "[t]he rule therefore

calculates the times for motion and response with reference to the date of a hearing."  Thus, so

the argument goes, though twenty days had elapsed after the Defendants filed motions for

summary judgment – and a response would be due under the local rules – because the specter of

a hearing still loomed, unconfirmed but also undenied, Plaintiff's response was not yet due.

Plaintiff fails to explain how, under his procedural interpretation, a subsequent denial of a

hearing would be treated.  The non-movant would apparently be left in a procedural limbo,

unbound by the now-expired local rules deadline and unguided by federal rules that, according to

Plaintiff's interpretation, do not contemplate a deadline for a response to a summary judgment

motion in the absence of a hearing.  Furthermore, Plaintiff fails to consider that the submission

day, dictated by the local rules as 20 days after submission of the original motion, represents the

termination of the period during which the parties are entitled to supplement the summary

judgment record.  Though the Court is always free to schedule a hearing after the submission

day, the rules contemplate a system whereby the summary judgment record would be complete

by the submission day.  Thus, should the Court decide to hear argument on a motion, for

summary judgment or otherwise, and perhaps extend the deadline for a response, the resulting extension of time to respond, should it be granted, would be a privilege provided at the discretion of the court rather than an entitlement demanded by the rules.

Compatibility of a system like the Southern District's and the Federal Rules is not a novel question.  The Seventh Circuit Court of Appeals considered a local rule which allowed parties 14 days "'from the receipt of the motion' in which to respond" and provided in part that "'[t]he failure of a party to file a timely answering brief . . . shall be deemed a waiver of the right to file it.'" *U.S. v. Kasuboski*, 834 F.2d 1345, 1351 (7th Cir. 1987)(citing Wisc.Ct.R. 6).  Though the court was addressing an argument that Rule 56(a) did not provide for a deadline for filing responses to motions to summary judgment, by affirming the validity of the local rule, the court implicitly upheld a system similar to that in use in the Southern District of Texas.  That is, the 7th Circuit's opinion in *Kasuboski* found that a local rule imposing a 14 day deadline on responses to motions for summary judgment was consistent with the *entirety* of Rule 56.[1]

The Eighth Circuit Court of Appeals considered a local rule virtually identical to that at issue here.  In *Jetton v. McDonnell Douglas Corp.*, 121 F.3d 423 (8th Cir. 1997), the court rejected an argument that a local rule providing for 20 days in which to respond to a motion for summary judgment was inconsistent with Rule 56.  Rather, the Court held that "Local Rule 4.01 is not in conflict with Federal Rule 56 but merely supplements the Federal Rule by setting forth the specific time (20 days) for a response to a motion for summary judgment." *Id.* at 426.

---

[1] In addition, the 7th Circuit addressed the validity of a local rule which expanded the time to file for attorney's fees from the Federal Rules deadline of 14 days after judgment to 90 days after judgment.  In *Johnson v. Lafayette Fire Fighters Ass'n, et al.*, 51 F.3d 726, 729 (7th Cir. 1995), the court, finding that "the Supreme Court and Congress have frequently used the federal rules to adopt default rules of procedure that are modifiable by the districts through the adoption of local rules," held that "the 14-day filing period contained in Fed.R.Civ.P. 54(d)(2)(B) is one such default rule and that the districts are free to modify the filing period through local rules."  Though not in the context of summary judgment, the Court's reasoning provides an example of the inclination of federal courts to read the local rules in such a manner as to complement, rather than conflict with, the Federal Rules.

Moreover, the Court found that rules such as 4.01 – "rules on when and how motions are to be presented and heard," are some of the most common types of local rules, and "have been routinely upheld." *Id.* (citations omitted).  The court stressed that local rules have the force of law, and "the parties are charged with knowledge of the district court's rules the same as with knowledge of the Federal Rules and all federal law." *Id.* (citing 14 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 56.10 (3d ed. 1997); FED.R.CIV.P. 83(b)).

The Ninth Circuit followed similar reasoning in upholding a local rule which required parties to serve a response to a motion for summary judgment 14 days prior to the hearing date for that motion. *Marshall v. Gates,* 44 F.3d 722 (9th Cir. 1995).  Acknowledging that the local rule appeared to be inconsistent with the requirements of Federal Rule of Civil Procedure 56(c), the court found it had "an obligation to construe local rules so that they do not conflict with the federal rules." *Id.* at 725(citing *U.S. v. Lopez-Cavasos*, 915 F.2d 474, 478 (9th Cir. 1990)). Therefore, the court concluded that Federal Rule 56(c) "does not unconditionally require a district court to accept affidavits up to the date set for hearing on the motion for summary judgment.  Rather, the rule allows district courts to adopt procedures pursuant to which the non-moving party may oppose a motion prior to a hearing date.  [The local rule at issue] in no way eliminates this opportunity; instead it places a condition on that right." *Id.*  Similarly, the Southern District of Texas's Local Rules 7.3 & 7.4 delineate, but do not eliminate, the non-movant's right to respond to a motion for summary judgment.

It is worth noting that the timing scheme employed by the Southern District of Texas is by no means unique.  In fact, the majority of district courts within the Fifth Circuit provide similar rules for filing of responses.  The Northern District of Texas specifies that "[a] response and brief to an opposed motion must be filed within 20 days from the date the motion is filed."

7

LOCAL RULES FOR THE NORTHERN DISTRICT OF TEXAS LR 7.1 (e), *available at*

http://www.txnd.uscourts.gov/rules/localrules/civilrules7.html#71.  The Western District of

Texas is even more strict: "[i]f any party opposes a motion, the respondent shall file a response

and supporting documents as are then available within eleven (11) days of service of the motion.

LOCAL RULES FOR THE WESTERN DISTRICT OF TEXAS CV-7 (d), *available at*

http://www.txwd.uscourts.gov/rules/online/pdf/cv-7.pdf.  Similarly, the Eastern District of

Texas provides that "[a] party opposing a motion has 12 days from the date the motion was

served in which to serve and file a response and any supporting documents." LOCAL RULES FOR

THE EASTERN DISTRICT OF TEXAS CV-7(e), *available at* http://www.txed.uscourts.gov/.

In addition, Louisiana has promulgated the Uniform Local Rules of the United States

District Courts for the Eastern, Middle, and Western Districts of Louisiana, which stipulate that

"[e]ach respondent opposing a motion shall file a response, including opposing affidavits,

memorandum, and such supporting documents as are then available, within 20 days after service

of the motion." LR 7.5(M), *available at*

http://www.laed.uscourts.gov/LocalRules/Civil_7.htm#LR7.5E.  The Southern and Northern

Districts of Mississippi specify a ten day time period for filing a response to a motion for

summary judgment. UNIFORM LOCAL RULES OF THE UNITED STATES DISTRICT COURTS FOR THE

NORTHERN DISTRICT OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI, *available at*

http://www.mssd.uscourts.gov/rules/Rules%20v%202004.pdf.[2]

---

[2] In an internal memorandum, which is available to the general public, Chief Judge Barbour, on April 16, 1993, specified the way in which the local rules for district courts in Mississippi were to be read in conjunction with Rule 6 of the Federal Rules of Civil Procedure.  The result: "[t]o compute the day a response is due when the response period is 10 days or less and notice is given by mail, count three <u>calendar</u> days as required by Rule 6(e), beginning on the day after the day of mailing and add to that three-day period the response time in <u>working</u> days, excluding Saturdays, Sundays and legal holidays as required by Rule 6(a)."(emphasis in original)

Local rules which specify a time period for filing responses to motions are pervasive in the Fifth Circuit.  Certainly such a widespread use and acceptance of this particular system of deadlines bolsters its legitimacy.

Moreover, even if counsel for the Plaintiff was not aware of the customary use, throughout the Fifth Circuit, of local rules in providing a deadline for filing responses, he certainly should have acquainted himself with the local rules in the Southern District, the judicial forum in which he was conducting the litigation at issue here.  Counsel has been licensed to practice law in the United States District Court for the Southern District of Texas since August 15, 2001.  At the time of the filing of the motion he had been admitted for over three years.  Regardless of this ample time during which counsel could have familiarized himself with the local rules, any attorney practicing in this Court is expected to learn and employ all applicable rules of procedure, including the local rules.

Plaintiff in the instant case complains that the rejection, based on untimeliness, of his response to the motion for summary judgment runs afoul of the prohibition on inconsistency of local rules and federal rules.  Had Plaintiff made an argument that the resulting elimination of the summary judgment evidence amounted to an automatic – and thereby impermissible – grant of summary judgment, his argument would at least have a foothold.  Ultimately, however, it would also fail.

If the failure to comply with local rules leads to an exclusion of summary judgment evidence on the part of the non-movant, summary judgment may not be granted automatically. *John v. State of Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985); *Woodham v. American Cystoscope Co.*, 335 F.2d 551 (5th Cir. 1964); *accord De La Vega v. San Juan Star*, 377 F.3d 111, 116 (1st Cir. 2004)(District Court's grant of summary judgment solely as a sanction for non-movant's

failure to file a timely response to the motion for summary judgment was not proper); *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004)("the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion."); *Henry v. Gill Indus., Inc.,* 983 F.2d 943, 950 (9th Cir. 1993)(Court erred in granting summary judgment solely on the basis of a local rule violation); *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)("a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded.").

Therefore, regardless of the adverse party's failure to respond, a summary judgment movant must meet the burdens of Rule 56; "[i]f the moving party fails to discharge this burden, summary judgment must be denied – even if the non-moving party has not responded to the motion." *John,* 757 F.2d at 708 (citing *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981)).

Magistrate Judge Arce-Flores, however, did not recommended granting summary judgment simply as a sanction for failure to respond.  Rather, she analyzed the entire record that was properly before the Court, and concluded that "[s]ummary judgment is proper here; Defendants have demonstrated the absence of genuine issues of material fact, and Plaintiff has not shown that there are any specific facts that present a genuine issue for trial." [Doc. No. 77, p. 4].  Thus, any argument based on an allegation of an automatic grant of summary judgment fails.

Plaintiff argues, in the alternative, that Local Rules 7.3 and 7.4 should not be upheld because they are rules of form, and "[a] local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement." FED. R. CIV. P. 83(a)(2).  The categorization of Local Rules 7.3 and 7.4 as rules of form by the Plaintiff, however, is purely conclusory.  In fact, a reading of the plain

language would suggest that rules of form are just that – rules that require court submissions to be in a certain form.  The negative implication of the plain language, moreover, is that there are local rules that are *not* rules of form.  The comments to the Federal Rules allow that Rule 83 "does [not] affect the court's power to enforce local rules that involve more than mere matters of form – for example, a local rule requiring parties to identify evidentiary matters relied upon to support or oppose motions for summary judgment." FED. R. CIV. P. 83(a) advisory committee's note.  A local rule imposing a deadline – especially one in a structured system in wide use throughout the Fifth Circuit – cannot accurately be characterized as a matter of form.  Deadlines exist to allow the Court to function; without them the fair and timely adjudication of disputes would be impossible.

### Objection to Statements of Fact in "Background"

The Plaintiff also objects to "each and every statement of fact in the Magistrate's Report and Recommendation, under the heading, [sic] 'Background', whether such facts are characterized as 'disputed' or 'undisputed.'" [Doc. No. 78, unnumbered pgs. 3-4].  The Court need not consider frivolous, conclusive or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)(quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir. 1982)(en banc)).  Plaintiff's objection, however, extends what might be called a general objection *ad absurdum.*  Surely Plaintiff does not mean to contest the existence of a lawsuit, or that he is a party, or that he alleged discrimination?  Given the patent absurdity of this objection, it is easily dismissed.

### Standard for Summary Judgment

Plaintiff objects to the standard for summary judgment employed by the Magistrate. Plaintiff contends that the standard the Magistrate cited "fail[ed] to acknowledge or consider

important U.S. Supreme Court precedent;" namely, *Reeves v. Sanderson Plumbing Prod. Inc.,* 530 U.S. 133 (2000). Plaintiff further notes that the "lessons of [*Reeves*]" were "completely ignored" by the Magistrate, yet he fails to note what these "lessons" are. Plaintiff continues the vagueness with a string citation to "important Fifth Circuit precedent, which follows and applies the *Reeves* analytical framework to employment discrimination cases in this circuit." [Doc. No. 78, unnumbered p. 4].

In addition, Plaintiff cites *Russell v. McKinney Hosp. Venture*, 235 F.3d 219 (5th Cir. 2000) for the proposition that *Reeves* is "primary, mandatory authority" in the Fifth Circuit. [Doc. No. 78, unnumbered p. 3]. However, the footnote to which Plaintiff cites stands primarily for the rule that "for a case that is 'fully tried on the merits,' the sufficiency of the prima facie case as such is 'no longer relevant.'" *Russell*, 235 F.3d at 224 n. 5 (citing *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 714 (1983)). In a summary judgment context, this citation by the Plaintiff is perplexing. If the Plaintiff is merely reminding the court that the Fifth Circuit is bound by the decisions of the United States Supreme Court, the point is easily conceded. Perhaps, however, the Plaintiff is suggesting that *Reeves* modified the burden-shifting framework to such a degree that analysis of an employment discrimination case – in any procedural context – would be incomplete without reference to *Reeves*. Though it is hard to tell from his incoherent invocation of *Reeves*, the Plaintiff's objection appears directed at the evidentiary standard for a plaintiff's rebuttal of a defendant's proffered non-discriminatory reason for the adverse employment action.

The Magistrate Judge's recitation of the summary judgment standard was perfectly valid legally and a repetition is not warranted here. *Reeves* addressed the question "whether a defendant is entitled to judgment as a matter of law when the plaintiff's case consists exclusively

of a prima facie case of discrimination and sufficient evidence for the trier of fact to disbelieve the defendant's legitimate, non-discriminatory explanation for its action." *Reeves*, 530 U.S. at 137.  In *Reeves*, the Court held that "plaintiffs, after providing a prima facie case of discrimination, can avoid summary judgment by providing sufficient evidence that the employer's asserted non-discriminatory justification for an adverse employment action is false." Eric S. Reister, *Making Sense of Pretext: An Analysis of Evidentiary Requirements for Summary Judgment Litigants in the Fifth Circuit in Light of Reeves v. Sanderson Plumbing Products, and Proposal for Clarification,* 34 ST. MARY'S L.J. 261, 262 (2002).

 *Reeves* is inapplicable in the instant case, however, because it deals with the sufficiency of evidence required of the plaintiff to overcome a defendant's motion for summary judgment. In the instant case, because of the Plaintiff's failure to comply with local rules, his summary judgment evidence was stricken from the record.  "Rule 56 does not impose a duty on the district court to sift through the record in search of evidence to support a party's opposition to summary judgment." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir. 1996)(citing *Jones v. Sheehan, Young & Culp, P.C.,* 82 F.3d 1334, 1338 (5th Cir. 1996); *see also Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004)("[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."(citations omitted)); *cf Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)(holding that a non-movant in a summary judgment context can only fulfill their burden of demonstrating the existence of a material fact by identifying "specific evidence in the record [and] the 'precise manner' in which that evidence supported their claim."(citations omitted)).[3]

---

[3] Plaintiff cites an Eleventh Circuit case for the proposition that "[e]ven when motions are unopposed, the reviewing court must review all evidentiary materials to determine whether they independently establish the absence of

Magistrate Judge Arce-Flores concluded that Plaintiff had failed to establish a prima facie case of discrimination [Doc. No. 77, p. 6-7].  However, Magistrate Judge Arce-Flores assumed *arguendo* that Plaintiff had established a prima facie case, and proceeded through the *McDonnell-Douglas* burden shifting framework, noting that "the burden shifts to Martinaire to articulate a legitimate, non-discriminatory reason for Defendant's actions." [Doc. No. 77, p. 7](citing *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507 (1993)).  The Magistrate Judge then examined the Defendant's attempt at fulfilling his burden, concluding that "Martinaire has thus produced a legitimate, non-discriminatory reason for discharging Plaintiff." [Doc. No. 77, p. 7].  The burden therefore shifted to the Plaintiff to "prove that Defendant's proffered reasons are pretext for racial discrimination, and that Defendant intentionally discriminated against Plaintiff." [Doc. No. 77, p. 8].  However, because "Plaintiff did not properly respond to Martinaire's motion for summary judgment, Plaintiff has not offered any evidence that Martinaire's proffered non-discriminatory reason is pretextual." [Doc. No. 77, p. 8].  In short, the Plaintiff's failure to properly present summary judgment evidence has obviated the need for an examination of *Reeves* and its progeny.[4]  The Magistrate's conclusion therefore remains valid: "Martinaire demonstrated the absence of genuine issues of material fact, and Plaintiff has not shown that there are any genuine fact issues." [Doc. No. 77, p. 8].

### Direct vs. Circumstantial Evidence

Plaintiff objects to "any distinction made by the magistrate between 'direct evidence' and 'circumstantial evidence,' in a Title VII case," reasoning that the "distinction was effectively

---

genuine issues of material fact." *United States v. 5800 S.W. 74th Ave.*, 363 F.3d 1099 (11th Cir. 2004).  However, as indicated by the caselaw cited above, the district court is under no obligation to sift through the record to uncover potentially helpful evidence which the non-movant failed to point out.  Perhaps the Plaintiff was not aware of the controlling precedent in the Fifth Circuit, or perhaps he failed to cite it because it was contrary to his argument.  Whatever the reason, the apparent duplicity is not only objectionable, but also dilatory.

[4] The Court is not passing any judgment on the applicability of *Reeves* to cases such as this one; the continuing vitality (or lack thereof) of *Reeves* is a complicated discussion beyond the scope of this one.

abrogated in *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)."  This assertion is a misleading oversimplification of the holding of *Desert Palace*.  In that case, the Supreme Court upheld the validity of circumstantial evidence as a means by which a plaintiff in a Title VII action can establish the elements required under the *McDonnell-Douglas* burden-shifting framework.  In refusing to require that the defendant in a Title VII case provide only direct evidence "before the partial affirmative defense can be invoked," *Desert Palace*, 539 U.S. at 101, the Court upheld the validity of the use of circumstantial evidence.  Rather than "abrogate" any distinction between direct and circumstantial evidence, the Court stressed the validity of both types of evidence.  The Court noted that "[t]he reason for treating circumstantial evidence and direct evidence alike is both clear and deep-rooted: 'Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence.'" *Id.* at 100 (citing *Rogers v. Missouri Pac. R.R. Co.,* 352 U.S. 500, 508, n. 17 (1957)).  The only sense in which the Supreme Court eviscerated the difference between the two types of evidence was to acknowledge their equality as viable methods of meeting an evidentiary burden.  However, simply because two things are equal in one regard does not mean that the difference between the two has been wholly abrogated.

Regardless of the Plaintiff's misinterpretation of *Desert Palace*, he fails to describe how this allegedly improper distinction either affected the reasoning or conclusion of the Magistrate or prejudiced his case.

### **"Same Actor" Inference**

Plaintiff objects to the "same actor" inference adopted by the Magistrate Judge in Martinaire's favor.  According to the "same actor" doctrine, if the actor that hires an individual is the same actor who later fires that individual, an inference is raised that the firing was not based

15

on a discriminatory motive. *See, e.g. Faruki v. Parsons S.I.P., Inc.*, 123 F.3d 315, 320 n.3 (5th Cir. 1997).  Plaintiff suggests that the evidence shows that though Alan Rusinowitz hired the Plaintiff on his own, he fired him at the direction of Defendant UPS.  However, the evidence provided by Defendant Martinaire as part of their motion for summary judgment, particularly the letter of termination, fails to provide support for the argument that the Plaintiff was not fired by Mr. Rusinowitz.  Defendant UPS merely asked that Plaintiff not be assigned to their flights; they did not require that he be terminated.  Moreover, the "same actor" inference is just that: an inference.  Plaintiff has failed to adduce evidence that calls into question Defendant Martinaire's proffered reason for the adverse employment action.  Therefore, though the "same actor" doctrine would permit an inference of an absence of discrimination, it is not necessary to support summary judgment.

### Summary Judgment Evidence

Plaintiff makes a few additional objections to the Magistrate's findings based on the allegation that "it is doubtful that the magistrate performed the requisite review."  The Magistrate clearly and unequivocally presented the evidence on which she was relying.  The Plaintiff's suggestion that the Magistrate Judge failed to follow the dictates of the law simply because the outcome was unfavorable to the Plaintiff is not an objection that this Court need consider. Simply stating that "the magistrate failed to view the summary judgement [sic] evidence 'in the light most favorable to the [non-moving] party," without more, is neither productive nor effective.  As noted previously, the Court is not obligated to address frivolous objections. *See Battle,* 834 F.2d at 421.  Certainly an argument which essentially amounts to an allegation of bias or incompetence on the part of the Magistrate would qualify as frivolous.

**Conclusion**

For the foregoing reasons, the Court adopts in full the recommendation of Magistrate Judge Arce-Flores.  Defendant Martaire's Motion for Summary Judgment is **GRANTED** as to all claims; Defendant UPS's Motion for Summary Judgment is likewise **GRANTED** as to all claims.

Done this 3rd day of November, 2005, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**To Insure Proper Notice, Each Party Who Receives This Order Shall Forward a Copy of it to Every Other Party and Affected Non-party Even Though They May Have Been Sent One by The Court.**